# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| ESTELLA DANIELS, o/b/o L.S., : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 7 : 11-CV-14 (HL) |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

# RECOMMENDATION

Plaintiff, who is proceeding herein *pro se*, filed this Social Security appeal on February 3, 2011, challenging the Commissioner's final decision denying her application for Child's Supplemental Security Income benefits filed on behalf of minor child L.S., finding L.S. not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this Court may not

reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

A child is eligible for Supplemental Security Income benefits if his financial resources are below a certain level and if he is "disabled", as that word is defined in the Social Security regulations. A child is considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In order to evaluate a child's disability claim, the Commissioner employs the following sequential evaluation process: (1) whether the child is engaged in substantial gainful activity; (2) whether the child has a severe impairment; and (3) whether the child's severe impairment meets, medically equals or functionally equals a listed impairment. 20 C.F.R. § 416.924 (a).

*Administrative Proceedings*

On April 14, 2008, Plaintiff Estella Daniels filed an application for Child's Supplemental Security Income benefits on behalf of L.S. ("claimant"). (T - 33, 77-79). Her claims were denied initially and upon reconsideration. (T - 33-34). A hearing was held before an ALJ on November 19, 2009. (T - 18-32). In a hearing decision dated March 11, 2010, the ALJ determined that the claimant was not disabled. (T - 5-16). The Appeals Council denied Plaintiff's request for review, making the March 2010 decision the final decision of the Commissioner.

*Statement of Facts and Evidence*

The claimant was born in 1999 and was a school-age child at the time of the Commissioner's final decision.  (T - 77).  As determined by the ALJ, the claimant suffers from medically determinable impairments in the form of Type I insulin dependent diabetes mellitus and asthma.  (T - 11).  The ALJ found that the claimant's impairments caused no more than minimal functional limitations, and that the claimant did not have a severe impairment or combination of impairments.  (T - 12).  The ALJ concluded that the claimant had not been disabled since the date the application was filed.  (T - 13).

## DISCUSSION

In her one-paragraph brief challenging the Commissioner's decision herein, the Plaintiff asserts that the claimant continues to suffer from both diabetes and asthma attacks and is disabled.  (Doc. 14). However, a review of the ALJ's decision and the objective medical record reveals that the ALJ properly evaluated the medical record as a whole and properly provided specific reasons to find the claimant not disabled under the guidelines of the Social Security regulations.  After noting that the claimant had never engaged in substantial gainful activity, the ALJ found that the claimant suffered from impairments in the form of diabetes and asthma.  (T - 11).  The ALJ's review of the medical records showed that the claimant had been diagnosed with Type I diabetes in March 2008 and that thereafter his blood sugars were generally controlled with medication and diet.  The ALJ noted that there were no medical records documenting any treatment for claimant's alleged asthma condition. (T - 12).  Therefore, the ALJ found that neither the claimant's diabetes or asthma qualified as severe impairments.  *Id.*

In addition to the claimant's medical history, the ALJ reviewed the testimony from the claimant's mother, including allegations that even while on insulin, the claimant's sugar level drops,

that the level drops after claimant runs, and he must use the restroom frequently.   (T - 12).   Noting that "[t]he medical evidence supports some of what the mother testifies to", the ALJ concluded that "it does not prove the claimant has disabling limitations and the medical records reflect it."   (T - 13).   The ALJ determined that claimant's impairments caused no more than minimal functional limitations and therefore were not severe.

In finding the claimant not disabled, the ALJ properly followed the three-step sequential evaluation process for a child's disability claim and provided specific reasons, supported by the objective record, to find that the claimant did not suffer severe impairments.   A review of the ALJ's decision and the objective medical record reveals that the ALJ properly evaluated the medical record as a whole and properly determined that the claimant's impairments, including his diabetes, were not severe, and the ALJ's conclusions in this regard are supported by substantial evidence.   The objective medical record supports a diagnosis of Type I diabetes, but the claimant's most recent treatment notes confirm that the condition has responded to treatment.   (T - 220-227).   Other than reports of a prior asthma diagnosis, the record is silent regarding any treatment for this condition.   (T - 139).   As the Commissioner points out, a diagnosis alone is insufficient to support a finding of disability, but must be accompanied by evidence of functional limitation.   *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D.Ala. 2002).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 27th day of February, 2012.

s/ *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb